**E-Filed 11/8/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARTHUR G. MAIONCHI, et al., | Case Number C 03-647 JF (PVT) |
| Plaintiffs, | ORDER RE SCOPE OF LITIGATION ON REMAND |
| v. | |
| SAFETY-KLEEN SERVICES, INC., et al., | |
| Defendants. | |

An issue has arisen regarding the scope of the instant litigation following the remand from the Court of Appeals. In particular, Union Pacific Corporation ("Union Pacific") contends that on remand it may assert that Plaintiffs committed a knowing and intentional or willful misrepresentation or breach sufficient to relieve Union Pacific of its indemnification obligations under the Merger Agreement. Plaintiffs contend that any such argument is precluded by the appellate decision.

In its opposition brief on appeal, Union Pacific stated explicitly that "Union Pacific has never asserted that the Shareholders knowingly and intentionally breached a representation or warranty." Union Pacific Opp. Br. on Appeal, 46 n. 24. The Court of Appeals apparently treated this statement as a judicial admission, and thus stated it its decision as follows:

1  Thus, Union Pacific promised to indemnify the former partners against all SELs,
2  unless the former partners committed knowing and intentional or willful
   misrepresentation or breach. *Union Pacific does not make that assertion*, so the
3  Merger Agreement provides the exclusive means of allocating residual and long-
   term environmental risk between the parties.

4  *Maionchi v. Union Pacific Corp.*, 156 Fed. Appx. 27, 29 (9th Cir. Nov. 23, 2005) (emphasis

5  added). The Court of Appeals explicitly concluded that the indemnity provision of the Merger

6  Agreement is binding on Union Pacific, and directed that "[d]amages and the terms of the

7  declaratory relief should be determined on remand." *Id.*

8        Union Pacific filed a petition seeking a panel rehearing and/or modification of the

9  appellate decision to delete the language quoted above, arguing that leaving the languages in

10 would deprive Union Pacific of defenses against indemnity liability not previously adjudicated.

11 The petition was summarily denied.

12       Given the explicit language in the appellate decision, and the appellate panel's apparent

13 determination not to correct any potential ambiguity therein, this Court has no alternative but to

14 conclude that the scope of the litigation on remand is limited to a determination of Plaintiffs'

15 damages and the terms of declaratory relief.

16       IT IS SO ORDERED.

18 DATED: 11/8/06

                                           JEREMY FOGEL
                                           United States District Judge

Case No. C 03-647 JF (PVT)
ORDER RE SCOPE OF LITIGATION ON REMAND
(JFLC2)

Copies of Order served upon the following persons:

John F. Barg     jfb@ bcltlaw.com,

Stuart I. Block     sblock@coxcastle.com,

Grace A. Carter     gracecarter@paulhastings.com, farshidarjam@paulhastings.com, edwardhan@paulhastings.com, bradenwilhelm@paulhastings.com

David D. Cooke     dcooke@allenmatkins.com, mtang@allenmatkins.com; knewsome@allenmatkins.com

Hilton S. Williams     hiltonwilliams@paulhastings.com, dellagrant@paulhastings.com

Marc A. Zeppetello , Esq     maz@bcltlaw.com, af@bcltlaw.com

Melanie L. Tang

Allen Matkins Leck Gamble & Mallory LLP

Three Embarcadero Center, 12th Floor

San Francisco, CA 94111