\*\*E-Filed 3/12/07\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARTHUR G. MAIONCHI, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SAFETY-KLEEN SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Case Number C 03-647 JF (PVT)<br><br>ORDER[1] DENYING DEFENDANT UNION PACIFIC CORPORATION'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL<br><br>[re: doc. no. 79] |

　　Following remand of this action from the Court of Appeals, an issue arose regarding the scope of the litigation. Defendant Union Pacific Corporation ("Defendant") argued on remand that it may assert that Plaintiffs committed a knowing and intentional or willful misrepresentation or breach sufficient to relieve Union Pacific of its indemnification obligations under the Merger Agreement. Plaintiffs took the position that any such argument is precluded by the appellate decision.

　　On November 8, 2006, this Court issued an Order Re Scope of Litigation On Remand, concluding that Defendant may *not* assert affirmative defenses based upon Plaintiffs' alleged misrepresentation or breach, and that the scope of the litigation on remand is limited to a

---

[1] This disposition is not designated for publication and may not be cited.

1 determination of Plaintiffs' damages and the terms of declaratory relief.

2 Defendant Union Pacific subsequently filed a motion for leave to file a motion for reconsideration or, in the alternative, for an order certifying the scope of the litigation for interlocutory appeal.  This Court denied Defendant's motion for leave to file a motion for reconsideration, and requested briefing on the issue of certification for interlocutory appeal. Plaintiffs' brief addressing the latter issue was filed January 5, 2007.  The matter thereafter was taken under submission without oral argument.

The motion is DENIED.  As this Court previously concluded, it appears from the appellate decision that the Ninth Circuit must have found that Defendant made a judicial admission that it was not asserting misrepresentation or breach.  If it did not intend to make such a finding, the Ninth Circuit could have clarified its decision on the petition for rehearing.  This ruling is without prejudice to whatever application Defendant may wish to make to the Ninth Circuit directly.

IT IS SO ORDERED.

DATED: 3/12/07

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served upon the following persons:

3  John F. Barg     jfb@bcltlaw.com, mh@bcltlaw.com

5  Stuart I. Block     sblock@coxcastle.com,

6  Grace A. Carter     gracecarter@paulhastings.com, farshidarjam@paulhastings.com,
7  edwardhan@paulhastings.com, bradenwilhelm@paulhastings.com

9  David D. Cooke     dcooke@allenmatkins.com, knewsome@allenmatkins.com;
   nsubias@allenmatkins.com; mfarrell@allenmatkins.com; pbreen@allenmatkins.com

11  Melanie Louise Tang     mtang@briscoelaw.net, pnewcome@briscoelaw.net

12  Hilton S. Williams     hiltonwilliams@paulhastings.com, dellagrant@paulhastings.com

14  Marc A. Zeppetello , Esq     maz@bcltlaw.com, af@bcltlaw.com

Case No. C 03-647 JF (PVT)
ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL
(JFLC2)