UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR G. MAIONCHI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNION PACIFIC CORPORATION,<br><br>    Defendant. | Case No.: C 03-0647 JF PVT<br><br>**ORDER RE PLAINTIFFS' MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY; AND RECOMMENDATION THAT DISTRICT JUDGE FOGEL EXCLUDE THE TESTIMONY OF WILLIAM GWIRE** |

On July 2, 2007, Plaintiffs filed a motion to exclude the testimony of experts Plaintiffs argue were not timely disclosed.[1] Defendant opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving and opposition papers filed,

IT IS HEREBY ORDERED that Plaintiffs' motion is DENIED with regard to Gary Hokkanen. Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on motion any witness or information not so disclosed." District courts are permitted particularly wide latitude in imposing sanctions under Rule 37(c)(1).

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  *See Yeti by Molly, Ltd. v.. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Exclusion of Mr. Hokkanen is thus appropriate only if Defendant was *not* substantially justified in disclosing him after the deadline for expert disclosures set in the scheduling order, *and* Plaintiffs were harmed by the delay.  In the present case, Plaintiffs do not dispute that Mr. Hokkanen is a rebuttal expert.  The fact that Defendant and its expert were able to see Plaintiffs' expert's report before providing Mr. Hokkanen's report did not constitute harm because that is the usual course for rebuttal experts.  As expert discovery is still open, Plaintiffs may still depose Mr. Hokkanen.  Under all the circumstances of this case, Defendants' delay in disclosing this expert and his report has not caused harm to Plaintiffs that would warrant exclusion of this expert's testimony.[2]

IT IS RECOMMENDED, however, that District Judge Fogel exclude from any motion or trial the testimony and report of William Gwire.  Mr. Gwire, who opines about the reasonableness of certain attorneys fees included in Plaintiffs' damage calculations, is not a rebuttal expert because the expert he purportedly "rebuts" is not an attorney and does not opine regarding the reasonableness of the subject attorneys fees.  Defendant has not shown it was substantially justified in waiting 30 days after the expert disclosure deadline to disclose an expert who is not a rebuttal expert.  Nor has Defendant shown that its unjustified delay was harmless.  Under the current schedule, which has already been extended twice, there is insufficient time for Plaintiffs to retain an expert to rebut Mr. Gwire's opinion, for that expert to prepare a report, and for Defendant to depose that expert all within the remaining 7 business days before the close of expert discovery.

IT IS FURTHER ORDERED that any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy.  See 28 U.S.C. § 636 (b)(1)(C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the court's order.

Dated: *7/9/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Because the court finds Defendant's delay in disclosing Mr. Hokkanen and his report was harmless, the court does not address the issue of substantial justification.  While there is a good argument for finding the timing of the disclosure of Mr. Hokkanen to be substantially justified, the timing of the disclosure of his report is questionable.